## Di Lallo et al. v. Corea et al.

*S. V. Albo* and *Louis Vaira*, for plaintiffs.

*R. T. M. McCready* and *Harry S. Dunmire*, for garnishee.

T. M. MARSHALL, J., March 6, 1933.—In April 1930, Francesco Corea murdered Carmela Di Lallo. In the perpetration of this crime he shot and wounded Helen Di Lallo, daughter of Carmela Di Lallo. Corea and Carmela Di Lallo lived together ostensibly as husband and wife, and they had a joint bank account, by the terms of which either of them could draw out the funds deposited, and the sum undrawn on deposit went to the survivor. As a result of her injuries, Helen Di Lallo, the minor, brought a damage suit against Corea by foreign attachment and secured a verdict in the sum of $4,069. The money attached in the bank amounts to $1,510.

The question before us is whether or not the plaintiff is entitled to judgment on the garnishee's answer. The garnishee takes the position that it is against public policy to permit Corea to benefit by his own criminal act and to be possessed of the proceeds of the funds in the bank of Carmela Di Lallo. The garnishee also claims that a constructive trust of the said bank account should be declared in favor of the estate of the murdered woman.

We are clearly of the opinion that the fund in the joint bank account under the contract of deposit upon the death of Carmela Di Lallo became the property of Corea. We question the garnishee's right to raise this question. In Carpenter's Estate, 170 Pa. 203, the court held:

"A son who has murdered his father for the purpose of securing his father's estate, is entitled to take the estate under the intestate laws. His crime does not destroy his right of inheritance."

Section 23 of the Intestate Act of June 7, 1917, P. L. 429, reads:

"No person who shall be finally adjudged guilty, either as principal or accessory, of murder of the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, as surviving spouse, heir, or next of kin to such person under the provisions of this act."

In the question before us we must remember that the claim is not made as surviving spouse, next of kin, or heir.

A similar question was raised in the case of Hamer v. Kinnan, 16 D. & C. 395, decided in March 1931. That was a case in ejectment. Kinnan and his wife purchased real estate as tenants by the entirety and continued to hold it in that manner until after the death of Kinnan's wife, he having murdered her. He was convicted of murder. The question arose, could he take title to any or all of the property held by the entireties. The court said: "The theory of the law is that both husband and wife were seized of the entire estate before the commission of his crime and before the death of his wife, and that the law fixes no penalty of forfeiture for defendant's crime." Section 23 of the Intestate Act and section 22 of the Wills Act had no application in that case because the property there was not claimed by will or under the intestate law, but the husband

claimed as survivor. "It has been uniformly held by appellate courts in all the other states, so far as we are informed, that where land is conveyed to husband and wife to hold by entirety, the survivor, upon the death of the other, takes and becomes vested of the entire estate—a fee simple—by virtue of the grant or deed conveying the property to them; the interest of the deceased being terminated by his or her death."

In the case before us the survivor, in our opinion, takes by virtue of the contract of deposit. We believe that Carpenter's Appeal is still the law of this State, except as it is modified by section 23 of the Intestate Act. We do not believe that the doctrine of constructive trust applies in the case before us. If Corea is entitled to the fund, the plaintiff having secured a verdict against him for her injuries, she is certainly entitled to attach whatever he possesses.

*Order*

And now, to wit, March 6, 1933, judgment is entered in favor of the plaintiff.

From William J. Aiken, Pittsburgh, Pa.